**Ruth WITHERSPOON, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 02–3210.**

United States Court of Appeals, Federal Circuit.

DECIDED: Nov. 7, 2002.

Rehearing Denied Jan. 6, 2003.

Before NEWMAN, RADER, and PROST, Circuit Judges.

PER CURIAM.

Ruth Witherspoon ("Ms. R. Witherspoon") petitions for review of the decision of the Merit Systems Protection Board ("Board"), No. DE–0831–01–0211–I–1, 91 M.S.P.R. 133, affirming the reconsideration decision of the Office of Personnel Management ("OPM") denying her application for survivor annuity retirement benefits. For the reasons discussed herein, we *affirm* the decision of the Board.

I.

Mr. Witherspoon and Ms. R. Witherspoon married in 1956. After marrying and divorcing several times, their final marriage was dissolved in 1981. The resulting divorce decree and permanent orders did not require any division of Mr. Witherspoon's retirement with Ms. R. Witherspoon. Mr. Witherspoon was then married to Daisy Witherspoon ("Ms. D. Witherspoon") from at least 1986 until 1993.

Mr. Witherspoon's last appointment in the federal service was with the General Services Administration ("GSA"). As a result of a complaint filed in September 1992 against the Government, Mr. Witherspoon entered into a settlement agreement in November 1993, under which Mr. Witherspoon's retirement would be effective February 1, 1994. After Mr. Witherspoon's

failed attempts to challenge the settlement agreement and his refusal to sign the necessary retirement paperwork, the Government filed a motion in the district court to enforce the settlement agreement, which was granted in April 1994.

GSA and OPM implemented Mr. Witherspoon's retirement by processing his "application for immediate retirement" dated June 1995. Mr. Witherspoon indicated on his retirement application that he was married at the time to Annette Lewter Witherspoon ("Ms. Lewter"), his common law wife, and that he elected to receive a reduced annuity with the maximum survivor annuity for his current spouse.

Mr. Witherspoon received his first regular monthly annuity check on August 1, 1995.[1] Therefore, under 5 C.F.R. § 831.622(a) (1994), any change in his election of survivor benefits had to be received by OPM no later than September 1, 1995. OPM thereafter requested proof of Mr. Witherspoon's common law marriage to Ms. Lewter on July 7, 1995, and September 15, 1995, but Mr. Witherspoon did not provide the requested information.

On September 16, 1996, Mr. Witherspoon contacted OPM by telephone and requested to elect a survivor annuity for his former spouse Ms. D. Witherspoon. On September 18, 1996, OPM advised Mr. Witherspoon by letter that because he elected survivor benefits for his common law wife and such marriages are valid in Colorado, the benefits he elected could be terminated only through divorce or death of his common law spouse.

In a letter postmarked October 15, 1996, Mr. Witherspoon stated that although he elected Ms. Lewter to receive survivor benefits, OPM should not have made a decision on his election because his retirement was pending as of June 27, 1995, and OPM never received information on his common law marriage. He requested OPM to reconsider the matter and allow him to elect his survivor. OPM sent Mr. Witherspoon a letter dated July 7, 1997, requesting for a third time proof of his common law marriage. The letter also advised him that if OPM did not receive an adequate response within 30 days it would dismiss his election of survivor benefits and such dismissal would mean that he failed to establish the statutory requirement for entitlement to a survivor annuity. In a letter dated August 6, 1997, Mr. Witherspoon informed OPM that he had previously acknowledged that he was unable to furnish proof of his common law marriage and that he did respond to OPM's July 7, 1995, letter in July 1995 with the election of Ms. R. Witherspoon as his survivor.

On May 29, 1998, OPM issued a reconsideration decision denying Mr. Witherspoon's request to change his election of survivor benefits as untimely. Mr. Witherspoon did not appeal this decision to the Board. He died on September 13, 2000.

After his death, Ms. R. Witherspoon initiated this application for a survivor annuity as a former spouse. The Administrative Judge found that although Mr. Witherspoon had earlier verbal contacts with OPM, the first time he requested a survivor annuity benefit for Ms. R. Witherspoon in writing was in his August 6, 1997, letter.[2] Because Ms. R. Witherspoon failed to prove that Mr. Witherspoon elected her as his survivor in a timely manner and there is no basis for waiving the 30-day deadline imposed by 5

1. Mr. Witherspoon also received an adjustment check covering the period from February 2, 1994, to June 30, 1995.

2. The Administrative Judge also refers to this date as July 1997. Whether Mr. Witherspoon's first written request was in July or August 1997 is irrelevant to the outcome of this petition.

C.F.R. § 831.622(a) (1994), the Administrative Judge affirmed OPM's reconsideration decision denying Ms. R. Witherspoon survivor benefits.

The Administrative Judge's initial decision became the final decision in this matter when the Board denied Ms. R. Witherspoon's petition for review. 5 C.F.R. § 1201.113. Ms. R. Witherspoon filed a timely petition for review by this court, which has jurisdiction under 28 U.S.C. § 1295(a)(9).

## II.

This court affirms any Board decision not found to be: (1) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedure required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); *Cheeseman v. Office of Pers. Mgmt.*, 791 F.2d 138, 140 (Fed.Cir.1986).

We agree with the Board that Mr. Witherspoon's attempt to elect Ms. R. Witherspoon as his survivor was untimely because his first written request to change his election to name Ms. R. Witherspoon as his survivor was received later than 30 days after the date of his first regular monthly annuity payment. 5 C.F.R. § 831.622(a). Although Ms. R. Witherspoon argues on appeal that Mr. Witherspoon's August 1997 letter is admissible and substantiates Mr. Witherspoon's election of her in July 1995, the Administrative Judge considered the August 1997 letter and found it was insufficient proof of a timely election by Mr. Witherspoon. Ms. R. Witherspoon did not produce the purported July 1995 letter nor is there any evidence to support her claim that OPM committed misconduct by destroying the document.

Ms. R. Witherspoon also contends on appeal that a Colorado probate court rul-

ing that Mr. Witherspoon did not have a common law spouse is new evidence. As the Administrative Judge correctly concluded, the status of Mr. Witherspoon's marital status to Ms. Lewter is not germane to Ms. R. Witherspoon's application for benefits. Had Mr. Witherspoon wished to elect his former spouse Ms. R. Witherspoon as his survivor, he was required to make such an election either at the time of his retirement or no later than 30 days after the date of his first regular monthly payment. 5 U.S.C. § 8339(j)(3) (1994); *Koyen v. Office of Pers. Mgmt.*, 973 F.2d 919, 920 (1992); 5 C.F.R. § 831.622(a). Mr. Witherspoon could not extend these time limits by repeatedly failing to respond to OPM's requests for proof that he had a common law wife at the time of his retirement.

For the reasons stated and applying the applicable standard for review, Ms. R. Witherspoon has not provided a basis for overturning the decision of the Board. Accordingly we affirm.